CORRECTED ORDER: SEPTEMBER 5, 2012

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRESENIUS USA, INC. AND
FRESENIUS MEDICAL CARE HOLDINGS, INC.,**
*Plaintiffs-Appellants,*

v.

**BAXTER INTERNATIONAL, INC. AND
BAXTER HEALTHCARE CORPORATION,**
*Defendants-Cross Appellants,*

---

2012-1334, -1335

---

Appeals from the United States District Court for the Northern District of California in case no. 03-CV-1431, Judge Phyllis J. Hamilton.

---

## ON MOTION

---

Before O'MALLEY, *Circuit Judge.*

## ORDER

Fresenius USA, Inc. and Fresenius Medical Care Holdings, Inc. (Fresenius) move to stay proceedings in these appeals pending this court's final disposition in *In*

*re Baxter International, Inc.*, No. 2011-1073. Baxter International, Inc. and Baxter Healthcare Corporation (Baxter) oppose the motion.

This motion for a stay of proceedings arises out of an action filed by Fresenius in the United States District Court for the Northern District of California seeking a declaratory judgment from the court that it did not infringe five of Baxter's patents, including U.S. Patent No. 5,247,434 (the 434 patent). The district court granted Baxter's motion for judgment as a matter of law that Fresenius did not prove the claims of the 434 patent invalid. On appeal, this court affirmed the district court's JMOL ruling, but remanded the case for the district court to consider the issue of an ongoing royalty. After the district court awarded Baxter an ongoing royalty, both parties appealed from the district court's judgment, which is now before this court.

While the declaratory judgment action was proceeding before the district court, Fresenius filed a petition for inter parties reexamination of several claims of the 434 patent, which was granted. The Board of Patent Appeals and Interferences found all of the asserted claims of the 434 patent invalid. On appeal, this court in *In re Baxter* affirmed the Board's determinations. On July 2, 2012, Baxter filed a combined petition for panel rehearing and rehearing en banc, which remains pending. Fresenius seeks to stay proceedings in these appeals until this court decided Baxter's rehearing en banc, contending that that issuance of the court's mandate in *In re Baxter* will moot these appeals.

The power of the Court to stay proceedings is incidental to its inherent power to control the disposition of the case on its docket. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Here, we cannot say Fresenius has shown that staying proceedings is warranted, particularly

in light of the fact that Fresenius raises these arguments in its brief.

Accordingly,

IT IS ORDERED THAT:

The motion to stay is denied.

FOR THE COURT

SEP 0 5 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Michael Eugene Florey, Esq.
Michael J. Abernathy, Esq.

s26

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 0 5 2012

JAN HORBALY
CLERK